Lu v. Holder

BIA
Cheng, IJ
A200 182 590

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

JICHENG LU,
> *Petitioner,*

v.                                          13-3678
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zhong Yue Zhang, Flushing, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Janice K. Redfern, Senior
                       Litigation Counsel, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jicheng Lu, a native and citizen of the People's Republic of China, seeks review of a September 10, 2013 decision of the BIA affirming the March 20, 2012 decision of an Immigration Judge ("IJ") which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jicheng Lu*, No. A200 182 590 (B.I.A. Sept. 10, 2013), *aff'g* No. A200 182 590 (Immig. Ct. N.Y.C. Mar. 20, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the IJ's decision as modified by the BIA's decision, and assume Lu's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility, an asylum applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42). Because Lu did not allege past persecution, he had the burden of establishing a subjective fear of future persecution that was objectively reasonable, i.e., one that has solid support in the record and is not speculative. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent "solid support in the record," fear of future harm is "speculative at best"). To meet this burden, "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency reasonably found that Lu failed to establish an objectively reasonable fear of future persecution. The agency did not err in finding that Lu failed to show that authorities in China are, or would likely become, aware of his CDP activities in the United States. *See id*. at 143. His testimony alone did not establish the Chinese government's awareness of his CDP activities because it lacked specificity. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Jian*

3

*Xing Huang*, 421 F.3d at 129. Lu's protest demonstration photographs on the CDP website did not provide names or other identifying information, and he failed to provide documentation or explanation that his articles published on the CDP website had attracted the attention of the Chinese government, or that the articles had otherwise been published in China. *See Y.C. v. Holder*, 741 F.3d 324, 333–34 (2d Cir. 2013).

Nor did the agency err in declining to credit a letter from Lu's wife stating that the police had visited their home in China to investigate Lu's CDP activities. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight to be afforded to evidence "lie[s] largely within the discretion of the IJ" (alteration in original) (internal quotation marks omitted)). Lu's wife's letter was unsworn and from an interested witness not subject to cross examination. *In re H–L–H & Z–Y–Z–*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from friends and relatives where they were written by interested witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Y.C.*, 741 F.3d at 334

4

(deferring to the agency when it declined to give weight to a letter from the applicant's family member who was an "interested witness").

In addition to a lack of personalized evidence, the country conditions evidence did not support Lu's claimed fear. Lu's evidence was that leaders of the CDP prominent outside of China and political dissidents within China have been imprisoned and persecuted. Lu did not demonstrate that low-level activists within the United States, similar to himself, have been persecuted by the Chinese government upon their return to China. Without evidence that similarly situated people have been persecuted upon their return to China, it would be pure speculation to assume that Lu will be persecuted for his activities. *Cf. Y.C.*, 741 F.3d at 333-34. Given the lack of personalized or country conditions evidence, the agency did not err in finding that Lu failed to establish a well-founded fear of persecution. *See Jian Xing Huang*, 421 F.3d at 129.

Because Lu did not meet his burden for asylum, he cannot meet the higher burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Lu's pending motion for a stay of removal in this petition is DISMISSED as moot.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk

6